NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH GEORGE CARTER, *Appellant*.

No. 1 CA-CR 19-0331
FILED 6-11-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201701552
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

**W I N T H R O P**, Judge:

**¶1**      Joseph George Carter ("Appellant") appeals his conviction and sentence for unlawful flight from a pursuing law enforcement vehicle. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record on appeal and found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating this court reviews the entire record for reversible error). Appellant was provided the opportunity to file a supplemental brief *in propria persona*, and Appellant did so, raising one issue that we address below.

**¶2**      We have appellate jurisdiction pursuant to the Arizona Constitution, art. 6, § 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1). Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶3**      On August 25, 2017, at approximately 7:30 p.m., Deputy Gardoni of the Mohave County Sheriff's Office attempted to conduct a traffic stop on a vehicle with an expired registration. The vehicle, later determined to be driven by Appellant, initially pulled off the road, onto some soft dirt, where the vehicle's wheels started spinning and appeared to begin getting stuck. The vehicle then traveled farther down the road, again pulled over, and stopped where the ground was not as soft.

**¶4**      Deputy Gardoni turned on his spotlight and high beams to illuminate the vehicle, then exited his patrol vehicle. As Deputy Gardoni

---

[1]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

approached the driver's side of the vehicle, he noticed Appellant look over his shoulder at him through the rear driver's side window that was rolled down. Deputy Gardoni recognized Appellant from an encounter earlier in the day when Appellant had waved out of his window at the deputy.

¶5          As Deputy Gardoni reached the rear quarter panel of the vehicle, Appellant shifted the vehicle back into drive, "peeled out[,] and took off." Deputy Gardoni ran back to his vehicle, notified dispatch the vehicle was fleeing the scene of the traffic stop, activated his siren and lights, and pursued the vehicle for approximately one-half mile before terminating the pursuit for safety reasons.

¶6          Soon thereafter, Deputy Gardoni identified Appellant through in-house records. On October 19, 2017, the State charged Appellant by indictment with unlawful flight from a pursuing official law enforcement vehicle, a class five felony, in violation of A.R.S. § 28-622.01. The superior court issued a bench warrant for his arrest.

¶7          Appellant—by that time incarcerated in California in another matter—asked to be transferred to Mohave County by demanding trial under the Interstate Agreement on Detainers ("IAD"). On June 21, 2018, Appellant made an initial appearance in Mohave County Superior Court, and the bench warrant for his arrest was quashed.

¶8          Appellant did not testify at trial, but his counsel argued Deputy Gardoni mistakenly identified Appellant. At the conclusion of the trial, the jury found Appellant guilty as charged of felony flight from a law enforcement vehicle. The trial court proceeded to a hearing on aggravating factors where the jury found the State had proven Appellant committed the offense while on felony release in another matter.

¶9          The trial court sentenced Appellant to 3.5 years' imprisonment—a presumptive term of 1.5 years plus 2 years for the felony release status—in the Arizona Department of Corrections, and credited Appellant for 342 days' time already served. Appellant filed a timely notice of appeal.

## ANALYSIS

¶10          Appellant, who has four criminal cases in Mohave County, argues the IAD was violated in three of his cases, including the instant case. He asks us to join on appeal and then dismiss these three cases with prejudice pursuant to the IAD. We decline to join the three appellate cases as requested by Appellant. One of the cases, 1 CA-CR 19-0368, has already

been decided and the decision mandated. Another case, 1 CA-CR 19-0417, has already been briefed and is currently at issue on appeal.

¶11          The purpose of the IAD is to provide a uniform means of transferring prisoners from the state where they are currently incarcerated to a state where an indictment is pending. *See* A.R.S. § 31-481, art. I. Under Article III(a) of the IAD, a person incarcerated in one state with an indictment in another must be brought to trial within 180 days after the prosecution and the court receive notice of the transfer. *State v. Almly*, 216 Ariz. 41, 42, ¶ 3 (App. 2007). Notice should include the prisoner's place of incarceration and a request for a final disposition to be made of the indictment. *Id.* If trial is not conducted within 180 days, the court shall enter an order dismissing the matter with prejudice. *Id.* However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance with a showing of good cause. A.R.S. § 31-481, art. III(a). "The good cause standard under the IAD is a lesser standard than the extraordinary circumstances standard under" Rule 8, Ariz. R. Crim. P. *State v. Schaaf*, 169 Ariz. 323, 329 (1991).

¶12          Here, Appellant requested that he be transferred for trial for three of his cases under the IAD, and the request was approved by the warden of the California prison in which Appellant was incarcerated on April 11, 2018. The State received notice of the request on May 1, 2018, which presumably commenced the 180-day period. *See Almly*, 216 Ariz. at 42, ¶ 3. At a pretrial conference on July 9, 2018, defense counsel requested a one-month continuance. Later, on August 6, 2018, defense counsel requested a settlement conference, which was scheduled for September 14, 2018, but was then continued to October 23, 2018, due to a court conflict. On September 24, 2018, the court held a status conference, and defense counsel again requested a continuance to October 29, 2018. On October 29, 2018, the State and defense counsel jointly requested Appellant's four cases be tried in chronological order. Finding good cause, the court set trial for Appellant's first case on February 5, 2019, and trial for the instant case was scheduled on March 26, 2019. Defense counsel did request earlier dates, but due to its schedule the court was not able to accommodate the request. On January 22, 2019, a court scheduling conflict led the court to continue Appellant's trials despite defense counsel's objection. On February 19, 2019, the court set trial for the instant case for May 14, 2019. On March 18, 2019, the court accelerated the trial date to April 30, 2019.

¶13          This timeline of events shows that, although Appellant was incarcerated in Mohave County pursuant to the IAD for more than 300 days, at least 220 days of delay were occasioned by necessary and

reasonable continuances by the court, which found good cause for those continuances. Nothing indicates the trial court failed to act in good faith in setting the trial dates at the earliest times available given defense counsel's requests for continuance, the court's scheduling conflicts, and the agreement of both parties to hear Appellant's cases in chronological order. On this record, after factoring in the delays for good cause, we find no violation of the IAD's 180-day trial requirement.

¶14 We have reviewed the remainder of the record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdict, and the sentence imposed was within the statutory limits. Appellant was represented by counsel at all stages of the proceedings and allowed to speak at sentencing. The proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶15 After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶16 Appellant's conviction and sentence are affirmed.

